STATE of Utah, Plaintiff and Appellee,

v.

Lynda M. KOZLOWICZ, Defendant and Appellant.

No. 950461–CA.

Court of Appeals of Utah.

Feb. 15, 1996.

---

Jan Graham, Salt Lake City, and Herbert W. Gillespie, Duchesne, Salt Lake City, for Appellee.

Before ORME, P.J., and GREENWOOD, and WILKINS, JJ.

## OPINION

WILKINS, Judge:

Lynda Kozlowicz appeals her conviction of attempted failure to respond to an officer's signal to stop, on the basis that the Utah state courts lack jurisdiction in this matter.

## BACKGROUND

On November 10, 1994, while traveling along U.S. 40 in Roosevelt, Utah, Lynda Kozlowicz received a visual and audible signal from a Roosevelt City Police Officer to stop her vehicle. While Ms. Kozlowicz saw and heard the signal to stop, she did not do so, believing that the officer did not have jurisdiction over her because she is an enrolled member of the Ute Indian Tribe and because she was traveling within the historical boundaries of the Uintah and Ouray Indian Reservation.

The officer finally forced Ms. Kozlowicz to stop about 1.2 miles east of Roosevelt, still on Highway 40. Ms. Kozlowicz was arrested and charged with speeding, a class C misdemeanor, in violation of section 41–6–46 of the Utah Code, and failure to respond to an officer's signal to stop, a third-degree felony, in violation of section 41–6–13.5 of the Utah Code.

Ms. Kozlowicz filed a motion to dismiss for lack of jurisdiction, which the trial court denied. Subsequently, the parties reached a plea arrangement by which Ms. Kozlowicz agreed to plead no contest to attempted failure to respond to an officer's signal to stop, a class A misdemeanor, pursuant to sections 41–6–13.5 and 76–4–102 of the Utah Code. Ms. Kozlowicz conditioned her plea on her right to appeal the trial court's determination that it had jurisdiction.

Eighth District, Duchesne County; John R. Anderson, Judge.

Lynda M. Kozlowicz, Ft. Duchesne, Pro Se.

## ANALYSIS

The issue for our determination is whether the location of the events involving

Ms. Kozlowicz constitutes "Indian country," thereby prohibiting the Utah state courts from exercising criminal jurisdiction over her. *See* 18 U.S.C. §§ 1151–1153, 3242 (1994) (defining the term "Indian country" and establishing the criminal jurisdiction for such lands). The issue presents a question of federal law which the United States Supreme Court resolved in *Hagen v. Utah,* —— U.S. ——, 114 S.Ct. 958, 127 L.Ed.2d 252 (1994).

 In *Hagen,* the Court determined that when Congress opened lands within the Uintah Reservation for homesteading in the early 1900s, it expressly diminished the original boundaries of the Reservation. *Id.* at ——, 114 S.Ct. at 960–70. Specifically, the Court concluded that the Reservation lands not allotted to tribal members and predominantly populated by non-Indians had been restored to the public domain and exempted from reservation status. *Id.* at ——, 114 S.Ct. at 966–70. The Court then held that the town of Myton, Utah, where Hagen had committed a crime, was not in Indian country and, thus, the Utah courts had properly exercised criminal jurisdiction over him. *Id.* at ——, 114 S.Ct. at 970–71.

In our case, Ms. Kozlowicz stipulated that her offenses occurred on "homesteaded lands." While the lands are clearly within the original boundaries of the Reservation, they are included in the geographic area that the United States Supreme Court determined to no longer be Indian country. *Id.* Indeed, the *Hagen* court specifically mentioned Roosevelt City as being the largest city in those lands opened for non-Indian settlement. *Id.* at ——, 114 S.Ct. at 970. Accordingly, we conclude that Ms. Kozlowicz was not in Indian country when she committed the offenses with which she was charged by the State. Therefore, the courts of this state have properly exercised criminal jurisdiction over her.

We have considered the other issues raised in the briefs or by motion and, having found them to be without merit or otherwise disposed of by this opinion, decline to address them further. *See State v. Carter,* 776 P.2d 886, 888 (Utah 1988).

We affirm Ms. Kozlowicz's conviction pursuant to her plea of no contest.

ORME, P.J., and GREENWOOD, J., concur.